UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WILLIAM J. HUST,

                 Petitioner,

-against-

S. A. CONNELL,

                 Respondent.
----------------------------------------------------------X

05-CV-1203 (DLI)

**MEMORANDUM
AND ORDER**

IRIZARRY, United States District Judge:

Pro se petitioner William J. Hust, incarcerated at Oneida Correctional Facility, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court grants petitioner's application to proceed in forma pauperis. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court directs petitioner to show cause within 30 days of the entry of this order, why the Court should not dismiss the petition as time-barred.

**Background**

On February 10, 2000, after a non-jury trial in New York State Supreme Court, Suffolk County, petitioner was convicted of aggravated sexual abuse in the second degree, assault in the second degree and endangering the welfare of a child. See Petition at 1. He was sentenced to seven years' imprisonment. Id. On June 17, 2002, the Appellate Division, Second Department affirmed his judgment of conviction, see People v. Hust, 744 N.Y.S.2d 680 (2d Dept. 2002) and the New York State Court of Appeals denied leave to appeal on July 31, 2002. People v. Hust, 98 N.Y.2d 698 (2002)

1



## Discussion

With the passage of AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D); see also Lindh v. Murphy, 521 U.S. 320, 327 (1997). Under subsection (A),[1] the instant petition appears untimely. The conviction became final when direct review concluded on October 30, 2002, upon expiration of the 90-day period for seeking a writ of certiorari. Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). Thus, the instant petition should have been filed within one year, i.e., on or before October 30, 2003. According to petitioner, he delivered the instant petition to prison authorities for mailing to the district court on February 22, 2005. See Petition at 15. Since the petition was filed more than one year after the limitations period expired, it is barred by the limitation period set forth in 28 U.S.C. § 2244(d), unless tolling is applicable.

---

[1] Petitioner does not state any facts to conclude that subsections (B) or (C) are applicable.

The Court notes that petitioner had filed an earlier habeas corpus petition in this Court under docket number 03-CV-2831 (ADS). By order dated August 16, 2004, the Honorable Arthur D. Spatt, United States District Judge, dismissed the petition as unexhausted and declined to stay the petition while petitioner exhausted his ineffective assistance of appellate counsel ground by filing a writ of error coram nobis in state court. While noting that petitioner would be time-barred from bringing a subsequent habeas petition in this Court because the limitations period had expired on October 30, 2003, Judge Spatt, nevertheless, concluded that "this holding did not preclude the Court from considering whether any subsequently filed habeas petition by Hust would be timely as a matter of equity." Order at 5-6.

Petitioner returns to this Court after his application for a writ of error coram nobis was denied on November 29, 2004, see Petition at 4-5. As Judge Spatt already concluded, the petition is time-barred under 28 U.S.C. § 2244(d). However, the limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000), and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id. As currently presented, the Court sees no basis for applying equitable tolling. Petitioner does not provide facts to show that extraordinary circumstances prevented him from filing the instant petition on time and that he acted with reasonable diligence.

## Conclusion

The Court hereby directs petitioner to show cause by written affirmation, within 30 days from entry of this order, why the instant petition should not be dismissed. Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000) (petitioner is entitled to notice and an opportunity to be heard before the court dismisses a petition as time-barred). Should petitioner have a basis to warrant equitable tolling of the limitation period, he shall present such facts in his written affirmation.

No answer shall be required from the respondent at this time and all further proceedings shall be stayed for 30 days or until the petitioner has complied with this order. If petitioner fails to comply with this order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

DORA L. IRIZARRY
United States District Judge

Dated: Brooklyn, New York
April 19, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
WILLIAM J. HUST,

                Petitioner,                            **PETITIONER'S AFFIRMATION**

    -against-

                                                               05-CV-1203 (DLI)

S. A. CONNELL,

                Respondent.
_____X

STATE OF _____ }
COUNTY OF _____ } SS:

      WILLIAM J. HUST makes the following affirmation under the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____. The instant petition should not be time-barred by the one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____      _____
                          Signature & Identification Number

                          _____
                          Address

                          _____

                          _____
                          City, State & Zip Code