UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

WILLIAM J. HUST,

                Petitioner,

-against-

S. A. CONNELL,

                Respondent.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
05-CV-1203 (DLI)

IRIZARRY, United States District Judge:

By Order dated April 19, 2005, petitioner was directed to show cause within 30 days why his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred. Petitioner's affirmation received on May 6, 2005 does not demonstrate a basis for equitable tolling. Therefore, the petition is dismissed as time-barred.

## DISCUSSION

The instant petition challenges petitioner's 2000 conviction in the Supreme Court of Suffolk County on the grounds of ineffective assistance of appellate counsel and insufficiency of the indictment. See Petition at 6-7. On June 17, 2002, the Appellate Division affirmed the judgment of conviction, see People v. Hust, 744 N.Y.S.2d 680 (2d Dept. 2002) and the New York Court of Appeals denied leave to appeal on July 31, 2002. People v. Hust, 98 N.Y.2d 698 (2002). The conviction became final when direct review concluded on October 30, 2002, upon expiration of the 90-day period for seeking a writ of certiorari. Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). Thus, the instant petition should have been filed on or before October 30, 2003, one year from the date the conviction was made final. According to petitioner, he delivered the instant petition to prison authorities for mailing to the district

1

court on February 22, 2005, and thus the petition is deemed filed on that day. See Petition at 15; Noble v. Kelly, 246 F.3d 93 (2d Cir. 2001) (pro se prisoner "files" his habeas petition with the district court when he submits his papers to prison authorities for mailing). Since the petition was filed more than one year after the limitations period expired, it is barred by the limitation period set forth in 28 U.S.C. § 2244(d), unless tolling is applicable.

As noted in the Court's April 19, 2005 Memorandum and Order, petitioner had a previous habeas corpus petition challenging this same conviction in this Court under docket number 03-CV-2831 (ADS). In that case, the Honorable Arthur D. Spatt dismissed the petition as unexhausted and declined to stay the petition[1] while petitioner returned to state court to exhaust the only ground presented, the ineffective assistance of appellate counsel. That petition before Judge Spatt was filed on June 2, 2003 and was denied on August 16, 2004. While noting that petitioner would be time-barred from bringing a subsequent habeas petition in this Court because the limitations period had expired on October 30, 2003, and the filing of a federal habeas corpus petition does not toll the limitations period, Duncan v. Walker, 533 U.S. 167, 181-182 (2001), Judge Spatt, nevertheless, concluded that "[t]his holding did not preclude the Court from considering whether any subsequently filed habeas petition by Hust would be timely as a matter of equity." No. 03-CV 2831 (ADS) (August 16, 2004) at 5-6.

Petitioner returned to this Court on February 22, 2005 after his application for a writ of error *coram nobis* was denied on November 29, 2004, see Petition at 4-5. As directed, petitioner filed an affirmation in response to the Court's April 19, 2005 Order. Petitioner's affirmation (Aff.)

---

[1] Judge Spatt found that since no exhausted claim was presented "Hust's case is distinguishable from the Second Circuit's holding in Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir.), *cert. denied,* 534 U.S. 1015 (2001), which granted district courts the authority to stay a "mixed" petition while petitioner exhausts his state court claims." Hust v. Costello, No. 03-CV-2831 (ADS) (E.D.N.Y. Aug. 16, 2004) at 6.

acknowledges that the one year limitation period "expired about ten months before this court made a decision on the issue presented, refering [sic] petitioner back to New York State Courts for a 'writ of error coram nobis' to fully exhaust state remedies." Aff. at 3. However, petitioner argues that he:

> . . . . in all reasonable due diligence attempted to exhaust the state remedies as this court stated, and in a timely fashion. Petitioner asks this court to toll as a matter of equity so that exhausting state court remedies would not have been an illusion where petitioner could never succeed in timely re-filing of the habeas petition since petitioner would already be time barred before the exhausting of state court remedies. See: Rodriquez v. Bennett, 303 F.3d 435, 438 - 439 (2d Cir. 2002).

Id.

Although Judge Spatt's Order expressly held out the possibility of equity allowing petitioner's subsequent untimely petition to be heard and cited to Rodriguez v. Bennett, petitioner's affirmation fails to present facts demonstrating the "rare and exceptional" circumstances to warrant equitable tolling. As set forth in Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000), to qualify for equitable tolling, a petitioner must show that "extraordinary circumstances prevented him from filing his petition on time, [and he] acted with reasonable diligence throughout the period he seeks to toll." Petitioner has not demonstrated that there were any extraordinary circumstances that prevented him from filing his petition on time. The basis for petitioner's ineffective assistance of appellate counsel claim was well known to him in 2002 when his direct appeal was decided. Petitioner was clearly dissatisfied with his appellate counsel's brief on his behalf as early as April 2002 when petitioner sought permission to file a *pro se* supplemental brief to the Appellate Division. Aff. at 1. Petitioner presents no extraordinary circumstances that prevented him from raising his ineffective assistance of appellate counsel claim in state court and filing his federal petition on time.

Moreover, the circumstances in this case are clearly distinguishable from those presented in

3

Rodriguez v. Bennett, *supra*. Here, both Duncan and Zarvela were settled law at the time petitioner's initial petition was filed and both were considered by Judge Spatt in his Memorandum and Order. At the time the district court first decided Rodriguez, neither Duncan, *supra*, nor Zarvela, *supra* at n. 1, had been decided. In fact, Duncan was decided the same day the district court found Rodriquez's petition to be timely. Rodriguez v. Bennett, No. 00 Civ. 401, 2001 WL 682446, at *2 (S.D.N.Y. June 18, 2001) ("Rodriguez I"). However, as the case the district court had relied on in deciding Rodriguez I was overturned in Duncan, the district court accordingly revised its ruling and determined that no tolling was permitted by reason of Rodriquez's first federal petition. See Rodriguez v. Bennett, No. 00 Civ. 401, 2001 WL 940569, at * 1 (S.D.N.Y. Aug. 20, 2001) (Rodriguez II"). The district court's decision dismissing the petition in Rodriguez II was vacated so that the court could consider whether equitable tolling was appropriate.

The instant case is different from Rodriguez in that Rodriguez's original petition had presented a "mixed petition," meaning a petition that raised both exhausted and unexhausted grounds. The Court of Appeals specifically found that one of Rodriguez's claims "was timely filed in Petition I (and appears furthermore to have been exhausted at that time)." Rodriguez, 303 F.3d at 439. Here, Judge Spatt could not stay the original petition as the only ground raised in the original petition was unexhausted. Even more importantly, however, is that the instant petition presents no "extraordinary circumstance" such as the intervening change in law as presented in Rodriguez.

"If anything is settled in habeas corpus jurisprudence, it is that a federal court may not grant the habeas petition of a state prisoner 'unless it appears that the applicant has exhausted the remedies available in the courts of the State.'" Aparicio v. Artuz, 269 F.3d 78, 89 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(b)(1)(A)). Petitioner asks this Court to equitably toll the one-year limitations period for

the 481 days between October 30, 2003 and the filing of the instant petition on February 22, 2005, essentially because he did not know that he had to exhaust "further state court remedies" until this Court issued its Memorandum and Order dismissing the petition in August 2004. However ignorance of the requirements for filing a federal habeas petition cannot qualify as extraordinary circumstances. See Wilson v. Bennett, 188 F. Supp. 2d 347, 354 (S.D.N.Y. 2002) (citing Scarola v. Kelly, No. 99 Civ. 4704, 2001 WL 849449, at *4 (S.D.N.Y. July 27, 2001) (observing that "ignorance of the law [has] been considered and rejected by courts as insufficient to demonstrate that circumstances effectively prohibited petitioner from filing in a timely manner") (collecting cases); Cuevas v. New York, No. 01 Civ. 2550, 2002 WL 206985, at *3 (S.D.N.Y. Feb. 11, 2002) (explaining that it is "well-settled that 'ignorance of the law' does not entitle a petitioner to equitable tolling"); Fennell v. Artuz, 14 F. Supp. 2d 374, 377 (S.D.N.Y. 1998) (concluding that a petitioner's lack of familiarity with legal research and procedures cannot be regarded as an extraordinary circumstance such as would warrant tolling of the one-year limitations period under the AEDPA). Equitable tolling is inappropriate under the facts and circumstances of this case.

## CONCLUSION

Accordingly, the petition is dismissed is time-barred. A certificate of appealability will not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-445 (1962).

DATED:    Brooklyn, New York
November 10, 2004

DORA L. IRIZARRY
United States District Court Judge